USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/21/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lissette Espada,

                          Plaintiff,

-against-

Commissioner of Social Security,

                          Defendant.

1:15-cv-01505 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE.**

Before the Court is a motion by Plaintiff's counsel for attorney's fees, pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b)(1). (Motion for Approval, ECF No. 30.) The motion follows a favorable decision for Plaintiff, Lissette Espada ("Espada"), by Defendant, Commissioner of Social Security ("Commissioner"), after remand. For the reasons set forth below, I award attorneys' fees to plaintiff's counsel in the amount of $12,450.00, and order Plaintiff's counsel to promptly refund to Espada the sum of $4,300.00, which is the amount of attorney's fees previously awarded to Espada's counsel under the Equal Access to Justice Act ("EAJA").

**BACKGROUND**

On September 26, 2011, Espada filed an application for Social Security Disability benefits with a disability onset date of April 28, 2010. (Bowes Decl., ECF No. 31, ¶ 4.) Her application was denied by the Social Security Administration ("SSA") and she requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* ¶ 5.) On May 31, 2012, Espada appeared with counsel and testified before the ALJ. (*Id.* ¶ 6.)

1

By Notice of Decision--Unfavorable, dated November 29, 2013, the ALJ denied Espada's claim. (Bowes Decl. ¶ 7.) Ms. Espada appealed the ALJ's decision, but by Notice of Appeals Council Action, dated February 3, 2015, the Appeals Council denied Espada's appeal, making the ALJ's November 29, 2013 Decision the final administrative decision on Espada's claim for benefits. (*Id*. ¶ 8.)

On February 27, 2015, Espada executed a contingent fee retainer agreement with the law firm of Klein, Wagner & Morris ("Klein Wagner"), which provides that, in exchange for legal representation in federal court, she would pay twenty-five percent of her past due benefits as an attorney's fee if successful and no fee if no benefits were secured.[1] (Bowes Decl. ¶ 9 & Ex. A.) On March 2, 2015, this case was commenced by Klein Wagner on behalf of Espada by the filing of a Complaint. (Compl., ECF No. 1.) On August 18, 2015, the parties consented to hold all proceedings before Magistrate Judge Ronald L. Ellis. (Consent, ECF No. 9.) The Commissioner's Answer was filed on September 1, 2015. (Answer, ECF No. 10.) On October 27, 2015, Klein Wagner and Bowes filed a 20-page memorandum of law in support of Espada's motion for judgment on the pleadings. (Pl. Mem., ECF No. 15.)

The Commissioner thereafter voluntarily agreed to remand Espada's case for additional administrative proceedings, and the parties entered into a stipulation remanding Espada's case, which was so ordered on February 4, 2016. (Bowes Decl. ¶¶ 10-11; 2/4/16 Stip. & Order, ECF No. 24.) Judgment was entered on February 4, 2016. (Judgment, ECF No. 25.)

---

[1] Christopher Bowes ("Bowes") joined as co-counsel on September 17, 2015. (Bowes Decl. ¶ 9.)

Based on the successful appeal in the District Court, Espada sought an award of attorney's fees under the EAJA. (Mot. for Fees, ECF No. 26.) Thereafter, Espada's counsel was awarded $4,300.00 in EAJA fees. (Bowes Decl. ¶¶ 13-14; 5/13/16 Stip. & Order, ECF No. 29.)

On remand, Espada attended a hearing before an ALJ and succeeded in demonstrating that she became disabled as of April 28, 2010. (Bowes Decl. ¶ 15.) By notice dated January 18, 2020, the SSA issued a Notice of Award advising Espada of the past due disability benefits owed to her on her account for the period from April 28, 2010 through February 5, 2015. (*Id*. ¶ 16 & Ex. C.) Espada's counsel received a copy of this Notice from SSA by mail on January 21, 2020. (*Id*. ¶ 16.)

The Notice of Award specifies that the SSA is withholding twenty-five percent of Espada's past due benefits for the period from April 28, 2010 through February 5, 2015, a total of $27,774.25, for payment of attorney's fees. (Bowes Decl. Ex. C.) The SSA also effectuated Notices of Award for Ms. Espada's three children (identified as C1, C2, and C3) and specified that SSA was also withholding twenty-five percent of the past due benefits for her eligible children for payment of attorney fees: $3,412 for C1; $3,412 for C2; and $2,839.25 for C3. (*Id*.)

On February 3, 2020, Plaintiff's counsel filed the instant motion for attorney's fees, pursuant to 42 U.S.C. § 406(b)(1). (*See* Motion for Approval.) In their motion, counsel seek attorney's fees in the amount $25,000.00, which represents less than twenty-five (25%) of the past due benefits awarded to the Plaintiff, less $4,300.00, which is the amount of previously awarded EAJA fees. (*See id*.)

The Commissioner filed his response to the motion on March 4, 2020. (Def. Ltr., ECF No. 33.) The case was assigned to me on March 11, 2020. At the Court's direction (*see* Order, ECF N0. 34), Plaintiff's counsel filed a reply on March 19, 2020. (Reply, ECF No. 35.)

**DISCUSSION**

I. **Legal Standards**

Section 206(b)(1)(A) of the Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner . . . may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

"Most plausibly read . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

"[W]here there is a contingency fee agreement in a successful social security case, the district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990) (internal citations omitted). Among the factors to be considered when determining whether an award is reasonable are: (a) whether the contingency fee is within the twenty-five percent limit;

4

and (b) whether the retainer was the result of fraud or overreaching by the attorney. *See* Wells, 907 F.2d at 372.

Other factors to be considered are the following:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

*Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005) (quoting *Gisbrecht*, 535 U.S. at 808).

With respect to the third factor—whether the award constitutes a "windfall"— courts consider the following factors:

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Blizzard v. Astrue*, 496 F. Supp. 2d 320, 323 (S.D.N.Y. 2007) (quoting *Joslyn*, 389 F. Supp. 2d at 456-57).

Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (citation omitted).

**II.** **Application**

As noted above, Espada's counsel seeks an award of attorney's fees in the gross amount of $25,000.00. These fees are within the twenty-five percent limit imposed by statute. Moreover,

as noted by the Commissioner in her submission (Def. Ltr. at 2), there is no evidence of fraud or overreaching.

The Court finds that Espada's counsel did not unreasonably delay the proceedings. Further, the Court finds that Bowes is well experienced in handling social security cases and that the written submissions made were specific and well supported. With respect to the remaining factors—*i.e.*, whether the requested fees are out of line with the character of the representation and the successful results achieved, as well as the so-called windfall factor—Espada's counsel has requested $25,000.00 for 24.9 hours of services rendered before this Court, which represents a *de facto* hourly rate of $1,004.01.

In support of their motion, Espada's counsel has provided, for Bowes, information concerning his background and experience and a calculation of his hours spent on this case, together with descriptions of the work done. (*See* Bowes Decl. ¶¶ 29-30 & Ex. B.) Upon review of Espada's counsel's submissions, the Court finds that the number of hours spent on this matter by Bowes, *i.e.*, 24.9 hours, is not unreasonable under the circumstances. However, the *de facto* hourly rate of $1004.01 is problematic. Courts have reduced awards in circumstances analogous to the case here. *See Rivera v. Berryhill*, No. 13-CV-05060 (PKC), 2018 WL 2436942, at *3 (E.D.N.Y. May 30, 2018) (reducing Bowes' fees of $34,547.25 for 39.5 hours of work to $19,750.00, resulting in $500.00 hourly rate); *Brown v. Colvin*, No. 15-CV-04823 (SDA), 2018 WL 6061199, at *4 (S.D.N.Y. Nov. 20, 2018) (reducing fees of $18,675.00 for 24.9 hours of work to $12,450.00, resulting in $500.00 hourly rate); *Arroyo v. Commissioner*, No. 14-CV-03513, 2018 WL 2088013, at **2-3 (E.D.N.Y. May 4, 2018) (reducing fees of $14,000.00 for 19.7 hours of work to $9,850.00, resulting in $500.00 hourly rate).

The Court finds that Espada's counsel's request for $25,000.00 for 24.9 hours in this case would result in an unreasonable fee to Espada's counsel. Instead, the Court finds that an award of $12,450.00 would adequately compensate Espada's counsel for the time spent on this case, the risks that they accepted in undertaking the representation of Espada on a contingency basis, and the successful result obtained for Espada. Furthermore, this fee amount, which translates into an hourly rate of $500, satisfies the underlying policy goal of ensuring that claimants have qualified counsel representing them in their social security appeals. *See Brown*, 2018 WL 6061199, at *4; *Arroyo*, 2018 WL 2088013, at *3.

Espada's counsel's request for the Court to offset the amount of EAJA fees paid to date against the amount of fees counsel is owed Section 406(b) (*see* Bowes Decl. ¶ 33) is denied. *See Guzman v. Comm'r of Soc. Sec.*, No. 15-CV-03920 (VB) (LMS), 2019 WL 4935041, at *4 (S.D.N.Y. Aug. 1, 2019) (finding no case law in this District "that uphold[s] [Bowes'] offset theory"), *report and recommendation adopted*, 2019 WL 4933596 (S.D.N.Y. Oct. 7, 2019).

## CONCLUSION

For the reasons set forth above, Espada's counsel's motion for attorney's fees (ECF No. 30) is GRANTED IN PART and DENIED IN PART. It is hereby ORDERED that Espada's counsel be awarded the sum of $12,450.00 in fees. Upon receipt of this sum, Espada's counsel is ORDERED to refund the previously awarded EAJA fees of $4,300.00 directly to the Plaintiff.

DATED:    March 21, 2020
               New York, New York

*[signature]*

**STEWART D. AARON**
**United States Magistrate Judge**